hFOGG, Judge.
The salient issue in this suit for the partition by licitation of immovable property is whether LSA-C.C. art. 808 prevents the partition where one of the co-owners in indivi-sión has a lease of adjacent, immovable property and contends it will be prevented from using the leasehold without continued access to the land and waterways which are the subject of the action for partition.
Since 1941, Texaco has leased a 20.14 acre tract of land located on a waterway known as the Ivanhoe Canal in St. Mary Parish (Ivanhoe Marine Base). The lease extends until the year 2021. Texaco uses the leased premises to support its oil and gas production and exploration activities in oil fields located over water in the East and West Cote Blanche Bay and Vermillion Bay areas. These operations are supported by vessels which operate out of the Ivanhoe Marine Base by means of the Ivanhoe Canal.
Adjacent to the Ivanhoe Marine Base is a thirty-two acre tract of immovable property (Milling Tract), through which the Ivanhoe *265 Canal runs. Ivanhoe Canal Corporation (Ivanhoe), Patricia Bunn, Henry Haller, Jr., Margaret Crosby, the Succession of Clifford Webb, Madison Land Company, M.D.T. Partnership, the James Webb Trust, Dorthy Sharpe Milling, and Texaco, Inc. are co-owners of the Milling Tract.
Since 1950, Texaco has had a servitude of passage to use the Ivanhoe Canal across the Milling Tract; this servitude expired in September of 1991. Before expiration of the servitude, Texaco acquired an undivided ownership interest in the Milling Tract and has continued to use the Ivanhoe Canal across the Milling Tract pursuant to its rights as co-owner.
On April 1, 1993, Ivanhoe filed the instant action against the remaining co-owners, seeking a partition by licitation of the surface of the above described property. The trial court rendered judgment in favor of Ivanhoe. Texaco appeals that judgment, contending the trial judge erred in finding that LSA-C.C. art. 808 did not the exclude the partition.
LSA-C.C. art. 808 provides that “[pjartition of a thing held Igin indivisión is excluded when its use is indispensable for the enjoyment of another thing owned by one or more of the co-owners.” Texaco contends the trial court erred in finding that its lease of the Ivanhoe Marine Base is not a “thing” and in finding that the use of the Milling Tract is not indispensable to Texaco’s “enjoyment” of its lease. We agree.
Book II of the Louisiana Civil Code is entitled “Things and the Different Modifications of Ownership”. Title I of that book is entitled “Things”. The first article under Title I is Article 448, which provides that things are divided into common, public and private; eorporeals and ineorporeals; and movables and immovables. Private things are owned by individuals, other private persons, and by the state or its political subdivisions in their capacity as private persons. LSA-C.C. art. 453.
Rights and actions that apply to things are incorporeal immovables. Immov-ables of this kind are such as personal servi-tudes established on immovables, predial servitudes, mineral rights, and petitory or possessory actions. LSA-C.C. art. 470. This enumeration of incorporeal immovables is illustrative. See LSA-C.C. art. 470, Comment (b). Therefore, all rights and actions that have an immovable object are incorporeal immovable things.
A lease is a synallagmatic contract, by which one party gives to the other the enjoyment of a thing at a fixed price. LSA-C.C. art. 2669. The parties obligate themselves reciprocally, so that the obligation of each party is correlative to the obligation of the other. LSA-C.C. art. 1908. By the lease of the Ivanhoe Marine Base, Texaco’s lessor is obligated to give Texaco use of the Ivanhoe Marine Base. This obligation is a thing; therefore, the lease is an incorporeal immovable thing.
Texaco further asserts that the trial court erred in determining that the use of the Ivanhoe Canal across the Milling Tract is not indispensable to Texaco’s “enjoyment” of its lease of the Ivanhoe Marine Base. The lease states that the leased premises will be used by Texaco to support its operations in the area. The operations which Texaco supports from the leased premises are | ^Texaco’s oil and gas production and exploration activities in oil fields located over water in the East and West Cote Blanche Bay and Vermillion Bay areas. These operations are supported entirely by vessels which operate out of the Ivanhoe Marine Base by means of a waterway known as the Ivanhoe Canal. Texaco’s written lease and the testimony at trial establish that Texaco leased the 20.14 acre tract specifically to establish a marine base to use the Ivanhoe Canal. Texaco constructed a marine base to use the Ivanhoe Canal and the navigable water access it provides. Without the Ivanhoe Canal that marine base is useless to Texaco. As the trial court recognized, partition of the Milling Tract will force Texaco to build another marine base in another location and stop using its present marine base on the Ivanhoe Canal. The Ivanhoe Canal is, clearly, indispensable to Texaco’s enjoyment of the lease of the Ivanhoe Marine Base.
*266 The evidence reflects that only the Ivanhoe Canal is indispensable for the enjoyment of Texaco’s lease of the property on which the Ivanhoe Marine Base is located. Therefore, pursuant to LSA-C.C. art. 808, partition of the Ivanhoe Canal is excluded. Partition of the remainder of the Milling Tract is, however, not excluded as the partition of that property has no bearing on the enjoyment of Texaco’s lease.
For the foregoing reasons, the judgment of the trial court is amended to exclude the Ivanhoe Canal from the partition by licitation. In all other respects, the judgment is affirmed. Costs of this appeal are to be shared equally between the appellant and the appellees.
AMENDED, AND AS AMENDED, AFFIRMED.